UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BURTON,

        Plaintiff,

                                    CASE NO. 17-CV-11575
v.                               HONORABLE SEAN F. COX

THE UNITED STATES OF AMERICA,

        Defendant.

_____/

**OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT,
DENYING THE MOTION FOR A TEMPORARY RESTRAINING ORDER,
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. Introduction**

Midland County Jail inmate Anthony Burton ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the United States Court of America, as well as a motion for a temporary restraining order. Because Plaintiff names the federal government as the sole defendant in this action, the Court construes his complaint as one brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his complaint, Plaintiff asserts that the defendant failed to provide him with adequate mental health services upon his release from federal prison. He seeks monetary damages and injunctive relief. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Having reviewed the complaint, the Court concludes that it must be dismissed. The Court also concludes that an appeal cannot be taken in good faith.

## II. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an in *forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite this liberal pleading standard, the Court finds that the complaint is subject to summary dismissal.

Plaintiff's complaint against the United States Government is subject to dismissal because "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Indeed, it is "axiomatic that the United States

may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The plaintiff bears the burden of identifying a waiver of sovereign immunity. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). The United States has not waived its sovereign immunity for *Bivens* claims asserted against the United States Government, its agencies, or its employees in their official capacities. *Federal Deposit Ins. Corp.*, 510 U.S. at 484-86; *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Plaintiff fails to show that the United States Government has waived sovereign immunity for this action. His complaint against the United States of America is thus subject to dismissal on the basis of immunity.[1]

## III. Conclusion

For the reasons stated, the Court concludes that Plaintiff cannot proceed with this action because the defendant United States of America is entitled to sovereign immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** his civil rights complaint. Given this determination, the Court **DENIES** his motion for a temporary restraining order. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: June 12, 2017                                 s/Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge

---

[1]Additionally, the Court notes that Plaintiff is no longer in custody of the United States Bureau of Prisons, but is currently confined at the Midland County Jail. Consequently, the United States Government is not responsible for his medical/mental health care and his request for injunctive relief is moot.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY BURTON,

        Plaintiff,

                                      CASE NO. 17-CV-11575
v.                                      HONORABLE SEAN F. COX

THE UNITED STATES OF AMERICA,

        Defendant.
_____/

PROOF OF SERVICE

        I hereby certify that on June 12, 2017, the foregoing document was served on counsel of

record via electronic means and upon Anthony Burton via First Class mail at the address below:

Anthony Burton
Midland County Jail
105 Fast Ice Drive
Midland, MI 48642

                                    s/J. McCoy_____
                                    Case Manager